UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 12 CIV 0228

LUV N' CARE, LTD. and ADMAR
INTERNATIONAL, INC.,

           Plaintiffs,

v.

TOYS "R" US, INC. and MUNCHKIN,
INC.

           Defendant.

Civil Action No.

JURY TRIAL DEMANDED



## COMPLAINT

Plaintiffs Luv n' care, Ltd. ("Luv n' care") and Admar International,
Inc. ("Admar") (collectively, "Plaintiffs"), by their attorneys, hereby complain
of Defendants Toys "R" Us, Inc. ("TRU") and Munchkin, Inc. ("Munchkin")
(collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.    This is an action for patent infringement arising under the
Patent Laws of the United States, 35 U.S.C. §101 *et seq.*; trade dress
infringement and unfair competition under Section 43 of the Lanham Act, 15
U.S.C. §1125; and for unfair competition and trade dress dilution under the
laws of the State of New York. This Court has jurisdiction over the federal
claims of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338, and 15
U.S.C. § 1121, and has jurisdiction over the state claims under 28 U.S.C.

§1338(b) and further pursuant to its supplemental jurisdiction under 28 U.S.C. §1367. The state claims asserted herein are so related to the federal claims as to form part of the same case or controversy.

2.    This action arises from Defendants' patent infringement, trade dress infringement, unfair and deceptive business practices, and offer for sale, sale, and distribution of products which are deceptive copies of Plaintiffs' product designs and trade dress.

3.    This Court has personal jurisdiction over Defendants in that Defendants have intentionally directed its tortious activities toward New York, including this judicial district. Further, Defendants have delivered their infringing products into this State with the expectation that they will be purchased by consumers in this State, including in this judicial district. In addition, Defendant TRU is licensed to do business in the State of New York, and operates retail stores in this State.

4.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §1400(b).

### THE PARTIES

5.    Plaintiff Luv n' care is a corporation organized and existing under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

2

6.     Plaintiff Admar is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201. Admar is an affiliate of Luv n' care.

7.     Upon information and belief, Defendant TRU is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at One Geoffrey Way, Wayne, New Jersey 07470. TRU distributes baby products and accessories for sale in the United States.

8.     Upon information and belief, Defendant TRU also operates retail stores under the name Babies R' Us ("BRU") through which it distributes baby products and accessories for sale in the United States.

9.     Upon information and belief, Defendant Munchkin is a corporation organized and existing under the laws of the State of California, having its principal place of business at 16689 Schoenborn Street North Hills, CA 91343. Munchkin manufactures baby products and accessories, and distributes, offer for sale, and sells those products and accessories in the United States.

10.     Royal King Infant Product Co., Ltd. ("RK") is a Thailand manufacturer of baby products.

11.    Jackel International Ltd. ("Jackel") is a UK manufacturer of baby products.

12.    Mayborn USA, Inc. ("Mayborn") is a US distributor of baby products.

13.    Defendant TRU obtains its accused products from Defendant Munchkin, and from RK, Mayborn, and/or Jackel.

## FACTS

### PLAINTIFFS' PATENTS

14.    Mr. Nouri E. Hakim is the inventor of a novel and unique ornamental design relating to drinking cups and drinking cup tops for children's sippy cups.

15.    On June 8, 2010, United States Patent No. D617,465 S entitled "Drinking Cup" was duly and lawfully issued to Nouri E. Hakim by the United States Patent and Trademark Office (hereinafter "the '465 patent"). A copy of the '465 patent is attached as Exhibit 1 hereto.

16.    On March 15, 2011, United States Patent No. D634,439 S entitled "Drinking Cup Top" was duly and lawfully issued to Nouri E. Hakim by the United States Patent and Trademark Office (hereafter "the '439 patent"). A copy of the '439 patent is attached as Exhibit 2 hereto.

17.    Luv n' care is the owner of all right, title and interest in and to the '465 and '439 patents ("the Design Patents").

4

## DEFENDANTS' INFRINGEMENT OF
## PLAINTIFFS' PATENTS

18.    During the term of the Design Patents, Defendants have manufactured, offered for sale, sold, used, and/or imported products infringing the designs in the Design Patents.

19.    Defendant TRU's infringing products include cups currently being offered for sale and sold under, for example, the TOMMEE TIPPEE, EXPLORA, WAGI, and MUNCHKIN brands.    Examples of infringing products are attached as Exhibits 3 – 12 and 14 hereto.

20.    The infringing cups being sold by Defendant TRU include infringing cups obtained from and sold by Mayborn, who is supplied by Jackel (Exhibits 3-4), infringing cups obtained from and sold by Royal King (Exhibits 5-6), and infringing cups obtained from and sold by Defendant Munchkin (Exhibits 7-8), all infringing one or both of the Design Patents.

21.    Defendants' sales of products incorporating the patented designs of the Design Patents have been without license or authority of Plaintiffs.


## PLAINTIFFS' TRADE DRESS

22.    Plaintiff Luv n' care is one of the leading baby product companies in the world today.    Luv n' care and its brands are well known throughout the United States and foreign countries as a result of the popular

5

products that it has designed, introduced, and commercialized in interstate and international commerce for use by babies and young children.

23.    Admar is the owner of all right, title and interest in and to the trademarks and trade dress associated with Luv n' care's products.  Luv n' care sells its products throughout the United States under exclusive trademark and trade dress rights from Admar.

24.    Plaintiffs have used their trademarks and trade dress on a wide variety of children's and infants' products sold in interstate commerce, including, but not limited to, children's no-spill drinking cups, baby bottles, infant pacifiers, and so forth.

25.    Plaintiffs have generated hundreds of millions of dollars in revenue from the sale of goods under their trademarks and trade dress.

26.    Significant time, funds, and effort were expended by Plaintiffs in designing and developing aesthetically appealing and attractive product designs for Plaintiffs' goods.

27.    Significant sums of money, time, and effort were also expended in promoting, advertising, commercializing and popularizing Plaintiffs' goods.

28.    As a result of Plaintiffs' design efforts and promotional activities, Plaintiffs' product designs, trademarks and/or trade dress have all become widely known throughout the United States and worldwide, and associated with Plaintiffs.

6

29.     Plaintiffs' products are among the most popular and well known products in their industry, and their line of products is famous throughout the country and the world.

30.     The appearance of Plaintiffs' original design of its soft, no-spill children's drinking cups, including its "Gripper Cup," and "Grip n' sip" ("Soft Top Cups") is a distinctive symbol which serves as a trademark or trade dress of Luv n' care's products in interstate commerce, both in the United States and worldwide.

31.     The overall appearance of Plaintiffs' "Gripper Cup" product is protectable, distinctive, non-functional trade dress.  Plaintiffs' trade dress includes the combination and arrangement of the following elements of its cap and cup, when the cap and cup are considered individually, as well as the combination and arrangement of the following elements of the cap and cup when the cap and cup are attached together.

32.     With respect to the "Gripper Cup" cap, Plaintiffs' trade dress includes the following elements: an oval-shaped, clear, silicone spout, resting on a circular, clear, silicone, disc-like insert that is convex, raised above and resting on the cap, providing a ridged or rounded layered-like appearance, the cap being a custom-colored, bell-shaped cap with relief impressions along the sides.

7

33.    With respect to Plaintiffs' trade dress in the cup portion of their "Gripper Cup" product, the cup is a clear or custom-colored translucent cup having an hour-glass shape in front and back; the top portion of the cup possesses a hood-like design that starts at the top and extends in a fluid, curved form downward, ending near the bottom of the cup; the middle portion of the cup has a series of inset wave and ripple-like grooves that extend in a concave fashion toward the interior of the cup; the bottom and top of the cup have a bulbous-like shape, with the top being more round than the bottom of the cup.

34.    The overall appearance of Plaintiffs' "Grip n' sip" product is also protectable, distinctive, non-functional trade dress.  Plaintiffs' trade dress includes the combination and arrangement of the following elements of their cap and cup, when the cap and cup are considered individually, as well as the combination and arrangement of the following elements of the cap and cup when the cap and cup are attached together.

35.    With respect to the cap of Plaintiffs' "Grip n' sip" product, Plaintiffs' trade dress includes the following elements: an oval-shaped, clear, silicone spout, resting on a circular, clear, silicone, disc-like insert that is convex, raised above and resting on the cap, providing a ridged or rounded layered-like appearance, the cap being a custom-colored, bell-shaped cap with relief impressions along the sides.

8

36.     With respect to Plaintiffs' trade dress in the cup of their "Grip n' sip" product, the cup is a custom-colored translucent, or transparent cup, having two handles downwardly extending from the cap, and curving away from and then back toward the cup, with each handle hanging free at the bottom.

37.     The design and appearance of Plaintiffs' Soft Top Cups has acquired secondary meaning, and is recognized as identifying Plaintiffs' high-quality products and services.

38.     Plaintiffs' intellectual property including their trademarks, trade dress, and associated goodwill, directed to their Soft Top Cups, are all valuable assets of Plaintiffs.

## DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' "GRIPPER CUP" PRODUCT DESIGN

39.     To exploit Plaintiffs' valuable assets, and illegally profit off of Plaintiffs' designs, a series of competitors, including Munchkin, Mayborn, Jackel, and Royal King, have all deliberately copied Plaintiffs' designs, to illegally profit therefrom.

40.     Defendant TRU has knowingly bought those illegal copies, knowing of Plaintiffs' designs and its rights thereto.

41.     Likewise, Defendant Munchkin has made and extensively sold its infringing copies, also knowing of Plaintiffs' designs and rights thereto, and has sold its illegal copies to Defendant TRU and to other parties.

42.     Defendants' bad faith activities have caused, and continue to cause, a likelihood of deception and confusion in the marketplace among consumers, and extensive damage to Plaintiffs and their business, goodwill and reputation.

43.     Images of Plaintiffs' original designs, next to the illegal knock-offs thereof, are attached as Exhibits 9 - 14 hereto.

44.     Exhibits 9 and 10 are images of Plaintiffs' "Gripper Cup" product next to a set of copies thereof sold by Defendant TRU.  This first set includes copies by Mayborn, who is supplied by Jackel.

45.     On the left sides of Exhibits 9 and 10 is an image depicting Plaintiffs' original no-spill children's drinking cup, known as its "Gripper Cup."

46.     On the right sides of Exhibits 9 and 10 are images of the deceptive and confusing knock-offs from Mayborn that TRU has offered for sale and sold, and is upon information and belief, continuing to offer for sale and sell, in interstate commerce.

47.     Attached as Exhibit 11 is an image of Plaintiff's "Gripper Cup" product next to an image of a further copy thereof, which copy is being sold by Defendants TRU and Munchkin.

48.     The image on the left side of Exhibit 11 depicts Plaintiffs' original no-spill children's drinking cup, known as its "Gripper Cup."

49.     On the right side of Exhibit 11 is an image of the deceptive and confusing Munchkin knock-off that Defendants TRU and Munchkin have offered for sale and sold, and are continuing to offer for sale and sell, in interstate commerce.

50.     Attached as Exhibit 12 is an image of Plaintiffs' "Gripper Cup" product next to an image of a further TRU copy thereof.

51.     The image on the left-hand side of Exhibit 12 depicts Plaintiffs' "Gripper Cup" product.

52.     On the right side of Exhibit 12 is an image of the deceptive and confusing Royal King knock-off that TRU has offered for sale and sold, and is continuing to offer for sale and sell, in interstate commerce.


## DEFENDANT'S INFRINGEMENT OF
## PLAINTIFFS' "GRIP N' SIP" PRODUCT DESIGN

53.     Attached as Exhibit 13 is an image of Plaintiffs' "Grip n' sip" product.

11

54. Attached as Exhibit 14 is an image of Plaintiffs' "Grip n' sip" product next to an image of copies thereof.

55. The image on the left side of Exhibit 14 depicts Plaintiffs' "Grip n' sip" product.

56. In the middle and on the right side of Exhibit 14 are images of deceptive and confusing knock-offs that Defendant TRU has offered for sale and sold, and is continuing to offer for sale and sell, in interstate commerce.

57. In the middle of Exhibit 14 is an image of the infringing Mayborn cup, supplied by Jackel.

58. On the right of Exhibit 14 is an image of the infringing Mighty Grip cup, sold by Defendants Munchkin and TRU.

## FALSE DESIGNATION, CONFUSION, AND DILUTION BY BLURRING AND TARNISHMENT

59. Defendants are profiting from sales of these unauthorized knock-offs.

60. The trade and consuming public are likely to be misled into believing that the unauthorized knock-offs of Plaintiffs' Soft Top Cups, originate with or are otherwise authorized, sponsored and/or licensed by, or associated with the Plaintiffs.

61.     Defendants are using the Soft Top Cups' designs to trade off of Plaintiffs' reputation and goodwill and to create deception in the marketplace.

62.     Defendants are also blurring and tarnishing the distinctive quality of Plaintiffs' famous and extremely strong and distinctive product designs, trade dress and trademarks associated with the Soft Top Cups.

63.     As shown in the exhibits, Defendants' products have been designed to resemble those of Plaintiffs, and to cause confusion, mistake, and deception in the marketplace.

64.     As also shown in the exhibits, Defendant TRU has repeatedly sourced products designed to resemble those of Plaintiffs, to cause confusion, mistake, and deception in the marketplace.

65.     Defendant TRU is well aware of Plaintiffs' cups, and of the significant popularity thereof, having sold Plaintiffs' cups in the past.

66.     Defendant Munchkin is likewise well aware of Plaintiffs' cups in the marketplace and the popularity thereof.

67.     Both the copying of Plaintiffs' individual products, and the copying of the overall appearance of a segment of Plaintiffs' line of products, has been calculated by Defendants to illegally trade off of Plaintiffs' reputation and good will.

68.    Defendants' activities mislead the trade and purchasing public into believing that goods marketed and sold by Defendants originate with or are otherwise authorized by, sponsored by, licensed by, or associated with Plaintiffs.

69.    Upon information and belief, Defendants in connection with goods and containers for goods, have used in commerce words, terms, names, symbols or devices, or combinations thereof, false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which: are likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, and association of Defendants with the Plaintiffs and as to the origin, sponsorship, and approval of Defendants' goods, services and commercial activities.

70.    Upon information and belief, Defendants, in commercial advertising and promotion, has misrepresented the nature, characteristics, qualities and geographic origin of its goods and commercial activities.

71.    Plaintiffs' marks, including, their product designs, and packaging and the marks thereon, are widely recognized by consumers of children and infant care products and by the general consuming public of the United States as a designation of source of Plaintiffs' goods.

72.    Plaintiffs' trademarks and trade dress concerning the Soft Top Cups are not functional.

14

73.   Defendants' activities are causing and are likely to cause dilution of Plaintiffs' trade dress and trademarks, including by blurring and by tarnishment.

74.   Defendants' activities have been deliberate and willful.

75.   Defendants are aware of the Design Patents, are aware of Plaintiffs' original designs to the Soft Top Cups, and are aware of Plaintiffs' trade rights therein, and have deliberately chosen to infringe the Design Patents, and to reproduce, copy, offer for sale and sell their unauthorized and infringing products, and to confuse the public as to the source, origin, sponsorship and/or approval of the infringing products.

76.   Upon information and belief, Defendant TRU is also aware of Plaintiffs' suit against Mayborn USA, Inc., a US distributor of Jackel, which suit is related to several products which are the subject of this lawsuit.

77.   Upon information and belief, Defendant TRU is also aware of Plaintiffs' suits against RK, the Thailand manufacturer, which suits are related to several products which are the subject of this lawsuit.

78.   Upon information and belief, Defendant TRU is also aware of the settlement agreement between Plaintiffs and RK in Civil Action No. 2:08-cv-163 in the Eastern District of Texas (copy attached as Exhibit 15 hereto).

79.   Upon information and belief, Defendant TRU is also aware that RK agreed to cease and desist from manufacture and sales of products likely

to cause confusion with several of Plaintiffs' products which are the subject of this lawsuit.

80.     Defendant TRU has deliberately chosen to sell products in the United States (and upon information and belief in and/or to customers in foreign countries) that infringe Plaintiffs' rights and that contribute to RK's infringement of its settlement agreement, despite its knowledge of Plaintiffs' suits against RK, and its rights under the RK settlement agreement.

81.     Defendant TRU and Munchkin's actions have caused and are causing irreparable damage to Plaintiffs, their business and their reputation.

82.     Plaintiffs have been extensively damaged by Defendants' bad faith activities and will continue to be damaged unless Defendants are restrained and enjoined by this Court.

83.     Plaintiffs have no adequate remedy at law.

84.     Plaintiffs have been extensively damaged by Defendants' illegal actions in an amount to be determined by a jury and this Court, including recovery and relief for Plaintiffs' lost sales, lost profits, and damage to their reputation and good will, as well as a disgorgement of Defendants' revenues and profits.

## COUNT I
## PATENT INFRINGEMENT
## (35 U.S.C. §101 *et seq.*)

16

85.    Plaintiffs repeat and re-allege the allegations set forth in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

86.    This claim arises under 35 U.S.C. §101 *et seq.*

87.    This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

88.    Defendants' acts constitute infringement of the Design Patents under 35 U.S.C. §271.

89.    Upon information and belief, Defendants' acts of infringement were and are with knowledge of Plaintiffs' designs and of the Design Patents.

90.    Upon information and belief, Defendants' acts of infringement were and are willful and deliberate.

91.    Defendants have profited from its infringing activities.

92.    As a result of Defendants' conduct, Plaintiffs have been substantially harmed, have suffered actual damages, have suffered lost profits, and have been forced to retain legal counsel and pay costs of court to bring this action.

**COUNT II**
**LANHAM ACT TRADE DRESS INFRINGEMENT**
**AND UNFAIR COMPETITION:**
**(15 U.S.C. § 1125(a))**

93.    Plaintiffs repeat and re-allege the allegations set forth in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

94.     This claim arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

95.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

96.     On the basis of the foregoing paragraphs, Defendant are intentionally using product trade dress confusingly similar to that of Plaintiffs' Soft Top Cups in a manner that has caused and is likely to cause confusion, or to cause mistake, and/or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship, or approval of Defendants' goods by Plaintiffs.

97.     Defendants' activities in offering for sale, selling and distributing products which are confusingly similar to Plaintiffs' Soft Top Cups, constitute unfair competition, false designation of origin, and false description and representations, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

98.     Defendants' acts of trade dress infringement and unfair competition were and are willful and deliberate.

99.     Defendants have profited from its illegal and bad faith activities.

100.    Plaintiffs have suffered, and continue to suffer, substantial damages as a result of Defendants' bad faith activities, in an amount to be determined by the jury and this Court.

## COUNT III
## **FEDERAL TRADEMARK DILUTION**

101.   Plaintiffs repeat and re-allege the allegations set forth in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

102.   Plaintiffs' trademarks and trade dress associated with the Soft Top Cups are famous.

103.   These marks and trade dress qualify as famous trademarks under the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

104.   Defendants' actions in using Plaintiffs' famous marks in commerce have caused, and continue to cause, actual dilution of the distinctive quality of Plaintiffs' marks, including blurring and tarnishment of Plaintiffs' marks.

105.   Defendants have willfully intended to trade on Plaintiffs' reputation and to cause dilution of Plaintiffs' marks.

106.   By reason of the foregoing, Plaintiffs have been injured in an amount to be determined by the jury and this Court, and are entitled to the remedies provided for in the Lanham Act, 15 U.S.C. § 1114, *et seq.*

## COUNT IV
## **UNFAIR COMPETITION UNDER NEW YORK LAW**

107.   Plaintiffs repeat and re-allege the allegations set forth in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

19

108. This claim arises under the common law of the State of New York.

109. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

110. Plaintiffs have created and promoted their Soft Top Cups, including their trademarks, packaging and trade dress, through extensive time, labor, skill and money.

111. Defendants have misappropriated the results of that labor and skill and those expenditures of Plaintiffs.

112. Defendants have used designs and trade dress that are identical to or confusingly similar to Plaintiffs' designs and trade dress, for identical or highly similar goods, in competition with Plaintiffs, gaining an unfair advantage, because Defendants bore little or no burden of expense of development and promotion of the designs and trade dress.

113. By knowingly using confusingly similar designs and trade dress for identical or highly similar goods to compete against Plaintiffs' goods, Defendants have misappropriated a commercial advantage belonging to Plaintiffs.

114. Defendants have also engaged in bad faith misappropriation of the labors of Plaintiffs which is likely to cause confusion, and to deceive

purchasers as to the origin of the goods, and which dilutes the value of Plaintiffs' product designs and trade dress.

115.   Defendants' acts of misappropriation and unfair competition have caused significant commercial damage to Plaintiffs.

116.   Defendants' business conduct is illegal and actionable under the common law of unfair competition of the State of New York.

117.   Plaintiffs have been injured by Defendants' illegal actions and are entitled to the remedies provided for under New York law.

## COUNT V
## VIOLATION OF NEW YORK
## GENERAL BUSINESS LAW SECTION 360-l

118.   Plaintiffs repeat and re-allege the allegations set forth in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

119.   This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

120.   Defendants' misappropriation and infringement through the sale, offer for sale and distribution of products bearing trade dress substantially similar to that of Plaintiffs' products create a likelihood of injury to Plaintiffs' business reputation and likelihood of dilution of the distinctive quality of Plaintiffs' Soft Top Cups in violation of Section 360-l of the New York General Business Law.

21

121. Defendants' activities have also caused actual injury to Plaintiffs' business reputation and actual dilution of the distinctive quality of Plaintiffs' Soft Top Cups.

122. By reason of the foregoing, Plaintiffs have been injured by Defendants' illegal actions and are entitled to the remedies provided for in the New York General Business Law.

## COUNT VI
## CONTRIBUTORY INFRINGEMENT

123. Plaintiffs repeat and re-allege the allegations set forth in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

124. This claim arises under the Lanham Act, and under the laws of the State of New York.

125. Upon information and belief, Defendant TRU is aware of Plaintiffs' suits against RK, the Thailand manufacturer, which suits are related to several products which are the subject of this lawsuit.

126. Upon information and belief, Defendant TRU is also aware of the settlement agreement by RK in Plaintiffs' suit in the Eastern District of Texas against RK (Civil Action Number 2:08-cv-163) (Exhibit 15) and RK's obligation under that agreement to cease and desist from manufacture and sales of products likely to cause confusion with several of Plaintiffs' products which are the subject of this lawsuit.

127.   Defendant TRU has deliberately and knowingly chosen to sell products infringing Plaintiffs' rights under the settlement agreement, thereby contributing to RK's infringement of its settlement agreement, and constituting unfair competition, despite its knowledge of Plaintiffs' rights under the RK settlement agreement.

128.   Defendant TRU's activities, in selling and offering for sale products which are confusingly similar to Plaintiffs' products and barred under Plaintiffs' settlement agreement with RK, constitute contributory infringement of Plaintiffs' rights as set forth under its settlement agreement, and constitute unfair competition, in violation of the Lanham Act and New York law.

129.   Plaintiffs have suffered injury and damage due to Defendant TRU's illegal actions.

## JURY TRIAL DEMAND

130.   Pursuant to Rule 38, Fed. R. Civ. P., Plaintiffs hereby demand a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Luv n' care and Admar respectfully request that the Court, upon final hearing of this matter, grant the following relief against Defendant:

A.   That Defendants be adjudged to have engaged in patent

23

infringement of Plaintiffs' rights under its Design Patents, under 35 U.S.C. §101 *et seq.*;

B.    That Defendants be adjudged to have engaged in federal unfair competition, trade dress infringement and dilution under Section 43 of the Lanham Act, 15 U.S.C. §1125 and unfair competition and trade dress dilution under the common law and statutory law of the State of New York, and contributory infringement and unfair competition under the Lanham Act and New York law;

C.    That the Design Patents were duly and legally issued by the United States Patent and Trademark Office, and is valid and enforceable.

D.    That each of the Defendants, their officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendants be enjoined pursuant to 35 U.S.C. §283 from engaging in any activities which infringe Plaintiffs' rights in the Design Patents under 35 U.S.C. §271;

E.    That each of the Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be enjoined pursuant to 35 U.S.C. §283 from making, using, importing, exporting,

24

offering for sale and selling any products which directly infringe or contributorily infringe or actively induce infringement of the Design Patents under 35 U.S.C. §271;

F.   That each of the Defendants, their officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from engaging in any activities, including but not limited to making, using, importing, offering for sale and selling any products or packaging, which directly or contributorily infringe or actively induce infringement of Plaintiffs' rights in their products or advertising materials, including Plaintiffs' rights in their trademarks and trade dress and Plaintiffs' rights pursuant to its settlement agreement with RK;

G.   That each of the Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from offering for sale, selling or marketing merchandise that tends in any way to deceive, mislead or confuse the public into believing that Defendants' merchandise in any way originates with, is sanctioned by, or is

affiliated with Plaintiffs;

H.    That each of the Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from otherwise competing unfairly with Plaintiffs;

I.    That each of the Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from engaging in further acts of misrepresentation regarding Plaintiffs and Plaintiffs' products;

J.    That each of the Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from engaging in further deceptive and unfair business practices with respect to Plaintiffs;

K.    That each of the Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from engaging in further acts infringing Plaintiffs' rights under New York law;

L.  That Defendants be directed to file with this Court and serve on Plaintiffs within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendants has complied with the injunction;

M.  That Defendants be required to account for and pay over to Plaintiffs all damages sustained by Plaintiffs, as well as any and all of Defendants' gains, revenues, profits and advantages attributable to or derived from the acts complained of in this Complaint, including an assessment of interest on the damages so computed, and that the damages be trebled, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117, as well as 35 U.S.C. §§284 and 289, and all further applicable law;

N.  That each such award of damages be enhanced to the maximum available for each infringement in view of Defendants' willful infringement of Plaintiffs' rights;

O.  That Defendants be required to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all copies of the infringing materials in its possession or under its control and all materials, including molds and master models, used for making same;

27

P.   That Plaintiffs be awarded punitive damages because of the egregious, malicious, and tortious conduct of Defendants complained of herein;

Q.   That Plaintiffs recover the costs of this action including their expenses and reasonable attorney's fees pursuant to 15 U.S.C. §1117, 35 U.S.C. §285 and all further applicable law, because of the deliberate and willful nature of the infringing activities of Defendants sought to be enjoined hereby, which make this an exceptional case warranting such award;

R.   That Plaintiffs be awarded pre-judgment and post-judgment interest;

S.   That Plaintiffs obtain all further relief permitted under the laws of the United States and the State of New York; and,

T.   That Plaintiffs obtain all such other and further relief as the Court may deem just and equitable.

Dated: January _11_, 2012

Morris E. Cohen (MC-4620)
Lee A. Goldberg (LG-9423)
GOLDBERG COHEN LLP
1350 Avenue of the America,
4th Floor
New York, New York 10019
(646) 380-2087 (phone)
(646) 514-2123 (fax)
Mcohen@goldbergcohen.com
Lgoldberg@goldbergcohen.com

28

Of Counsel:
Joe D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
318-338-3603 (phone)
318-388-5892 (fax)
joed@luvncare.com

Attorneys for Plaintiffs Luv n' care, Ltd. and Admar International, Inc.