UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

LUV N' CARE LTD. and
ADMAR INTERNATIONAL, INC.,

                   Plaintiffs,

      - against -

TOYS "R" US, INC. and
MUNCHKIN, INC.,

                   Defendants.
------------------------------------------------------- X

**OPINION AND ORDER**

12 Civ. 0228 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/12

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

Plaintiffs Luv n' Care, Ltd. and Admar International, Inc. (collectively "LNC") bring this action against defendants Toys "R" Us, Inc. ("TRU") and Munchkin, Inc. Plaintiffs assert six causes of action for patent infringement, trade dress infringement and unfair competition under the Lanham Act, and for unfair competition and trade dress dilution under New York law. Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants now move to dismiss three of these counts. For the following reasons, defendants' motion to dismiss is granted, but plaintiffs are granted leave to amend.

1

## II.  BACKGROUND[1]

Luv n' Care is a company, organized and operating under the laws of Louisiana,[2] that designs and sells baby products.[3] Admar is an affiliate of Luv n' Care,[4] and is the owner of the trademarks and trade dress associated with Luv n' Care's products.[5] Luv n' Care owns two design patents which disclose, respectively, a child's cup and a child's cup top.[6] LNC has incorporated these patents into a line of soft-top children's drinking cups.[7] On June 22, 2009, LNC settled a suit against Royal King ("RK"), a Thai manufacturer of baby products, relating to RK's alleged infringement of LNC's intellectual property.[8] Under the

---

[1]  The following facts are drawn from the complaint and are presumed to be true for the purposes of this motion.

[2]  *See* Complaint ("Compl.") ¶ 5.

[3]  *See id.* ¶ 22.

[4]  *See id.* ¶ 6.

[5]  *See id.* ¶ 23.

[6]  *See id.* ¶¶ 15-17, Exs. 1-2.

[7]  *See* Compl. ¶ 30.

[8]  *See id.* ¶¶ 77-79, Ex. 15.

terms of the settlement, RK agreed to stop selling and manufacturing products likely to cause confusion with LNC's products.[9]

TRU is a domestic corporation that distributes and sells baby products in the United States, both directly and under the name Babies R' Us.[10] The Complaint alleges, *inter alia*, that TRU infringed on LNC's intellectual property by buying and selling knock-offs of LNC's products.[11] Through the instant motion, defendants moved to dismiss Counts Three (federal trademark dilution), Five (violation of New York General Business Law Section 360-1), and Six (contributory infringement) of the Complaint.[12] Following an adverse ruling in a parallel federal proceeding, LNC has voluntarily withdrawn Counts Three and Five.[13]

---

[9]     *See* Compl. ¶ 79, Ex. 15.

[10]    *See id*. ¶¶ 7-8.

[11]    *See id*. ¶¶ 18-21, 39-40.

[12]    *See* Notice of Partial Motion to Dismiss the Complaint under Rule 12(b)(6) at 1.

[13]    *See* Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) ("Opp. Mem.") at 2-3; *Luv N' Care, Ltd. v. Regent Baby Products Corp.*, 841 F. Supp. 2d 753, 756 (S.D.N.Y. 2012) (dismissing partially LNC's trademark dilution claim and New York dilution claim against Regent Baby).

Count Six, styled "contributory infringement," alleges that TRU was aware of LNC's settlement agreement with RK, but nevertheless deliberately and knowingly chose to sell products infringing on LNC's rights under the agreement.[14] Count Six further alleges that this conduct "constitutes contributory infringement of [LNC's] rights as set forth under its settlement agreement, and constitutes unfair competition, in violation of the Lanham Act and New York Law."[15]  Finally, LNC alleges that it has been harmed, and requests a broad spectrum of legal and equitable relief.[16]

## III.  APPLICABLE LAW

### A.  Rule 12(b)(6) Motion to Dismiss

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[17]  "Such a statement must [] 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"[18]  In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court "must

---

[14]  *See* Compl. ¶¶ 125-127.

[15]  *Id*. ¶ 128.

[16]  *See id*.  *See also id*. at 23-28.

[17]  Fed. R. Civ. P. 8(a)(2).

[18]  *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell*

accept all non-conclusory factual allegations as true and draw all reasonable inferences in the plaintiff's favor."[19]  For the purposes of such motion, ". . . a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."[20]  However, the court may also consider a document that is not incorporated by reference, "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint."[21]

       The court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in *Ashcroft v. Iqbal*.[22]  Under the first prong, a court "'can . . . identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"[23]  Thus, "[t]hreadbare

---

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-563 (2007)).

[19]    *Simms v. City of New York*, No. 11 Civ. 4568, 2012 WL 1701356, at *1 (2d Cir. May 16, 2012) (citing *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008)).

[20]    *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

[21]    *Id*. (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). *Accord Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006).

[22]    556 U.S. 662, 678-679 (2009).

[23]    *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).  *Accord Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss.[24] Under the second prong of *Iqbal*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[25] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] Plausibility "is not akin to a probability requirement;" rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[27]

### B. Leave to Amend

Whether to permit a plaintiff to amend its complaint is a matter committed to a court's "sound discretion."[28] Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires."[29] "When a

---

[24] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555).

[25] *Id.* at 679. *Accord Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).

[26] *Iqbal*, 556 U.S. at 678 (quotation marks omitted).

[27] *Id.* (quotation marks omitted).

[28] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

[29] Fed. R. Civ. P. 15(a).

motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."[30]  Leave to amend should be denied, however, where the proposed amendment would be futile.[31]

## IV. DISCUSSION

Count Six is deficient for two reasons.  *First*, it is too vague to give defendants fair notice of the cause of action that is being asserted against them.  *Second*, to the extent that it seeks to assert a tortious interference with contract claim, insufficient facts are alleged to meet the *Iqbal* standard.

### A. Count Six Is Vague

Although Count Six is labeled "contributory infringement," it is apparently not a claim of contributory infringement.  Instead, LNC alleges, the claim sounds in unfair competition and the label "contributory infringement" was used only because TRU "contributed to [RK]'s infringement of the settlement agreement."[32]  This is curious, given that Count Four already asserts a New York unfair competition claim.[33]  Nevertheless, plaintiffs assert that they meant to plead

---

[30]   *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).

[31]   *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002).

[32]   Opp. Mem. at 5.

[33]   *See* Compl.. ¶¶ 107-117.

either tortious interference with the settlement contract, or some amorphous, generalized form of unfair competition.[34]  Apparently, LNC concluded that because tortious interference with contract is a form of unfair competition, TRU had sufficient notice of the true nature of their claim.

Count Six also purports to arise under an unspecified portion of the Lanham Act,[35] but plaintiffs deny that they meant to make a claim of contributory infringement under the Lanham Act.[36]  Instead, as LNC explained in their brief, "TRU's wrongdoing alleged in Count VI is [] actionable as a form of unfair competition under the Lanham Act."[37]  However, Count Two alleges a claim of unfair competition under the Lanham Act.[38]

The pleading standards of the Federal Rules of Civil Procedure are liberal.  However, they do require that a litigant give "fair notice of what the . . . claim is and the grounds upon which it rests."[39]  As TRU points out, it has no way

---

[34] *See* Opp. Mem. at 6-7.

[35] *See* Compl. ¶ 124.

[36] *See* Opp. Mem. at 8.

[37] *Id*. at 7 n.6 (citing 15 U.S.C. §1125(a)(1)).

[38] *See* Compl. ¶¶ 93-100.

[39] *Twombly*, 550 U.S. at 555.

of knowing whether LNC intends to assert a tortious interference claim, a general unfair competition claim, or some variety of Lanham Act claim.[40]  Because Count Six fails to apprise TRU of the true nature of the claim against it, it is dismissed.[41]

### B. The Complaint Fails to Plausibly Allege that Defendants Tortiously Interfered with LNC's Settlement Agreement with RK

Assuming, arguendo, that LNC is seeking to assert a tortious interference with contract claim, such claim is dismissed on the independent basis that the factual allegations found in the Complaint are too conclusory to meet the *Iqbal* standard.  In New York, the elements of tortious interference with contractual relations are: "(1) a valid contract exists; (2) defendant had knowledge of the contract; (3) defendant intentionally and improperly procured the breach of the contract; and (4) the breach resulted in damage to plaintiff."[42]

---

[40]   *See* Defendants' Reply in Support of Their Partial Motion to Dismiss the Complaint under Rule 12(b)(6) at 4.

[41]   *See Torchlight Loan Services, LLC v. Column Financial, Inc.*, No. 11 Civ. 7426, 2012 WL 3065929, at *5 (S.D.N.Y. June 25, 2012) (collecting cases where claims were dismissed for failure to provide the opposing party with notice of the true nature of the claims asserted). *Accord Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) ("A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'") (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

[42]   *Johnson & Johnson v. American Nat'l Red Cross*, 552 F. Supp. 2d 434, 449 (S.D.N.Y. 2008).  *Accord Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996).

To plead a tortious interference claim, then, LNC must allege facts that make it plausible that TRU, with knowledge of the settlement agreement, intentionally and improperly induced RK to breach the settlement agreement. The present Complaint lacks such allegations. LNC presents only conclusory allegations to show that TRU was aware of the RK settlement agreement.[43] Further, LNC has not alleged that TRU induced RK to violate the settlement agreement. It is equally plausible that RK offered to sell TRU the allegedly infringing products.[44] In fact, it appears that LNC is laboring under the misapprehension that TRU's sales of RK products could somehow "contribute" to RK's "infringement" of the settlement agreement, despite the fact that TRU is a stranger to the agreement.[45] Finally, the Complaint fails to allege that RK in fact breached the agreement by selling products to TRU. The Complaint alleges that TRU bought and sold infringing products manufactured by RK,[46] but there are no allegations that show

---

[43] *See* Compl. ¶¶ 77-78, 126-127.

[44] *See TechnoMarine S.A. v. Jacob Time, Inc.*, No. 12 Civ. 0790, 2012 WL 2497276, at *5 (S.D.N.Y. June 22, 2012) (dismissing tortious interference with contract claim because the complaint failed to plausibly allege improper procurement to breach contract).

[45] *See* Compl. ¶ 127 ("Defendant TRU has deliberately and knowingly chosen to sell products infringing Plaintiffs' rights under the settlement agreement, thereby contributing to RK's infringement of its settlement agreement . . . .").

[46] *See* Compl. ¶ 20, Exs. 5-6.

that TRU obtained these products in violation of the settlement agreement. It is equally plausible that TRU obtained the products prior to the signing of the agreement, or during the thirty days accorded to RK to sell off its infringing inventory after the signing.[47] In light of these infirmities, Count Six must be dismissed even if it provided clear notice to TRU that it was intended as a tortious interference claim.

### C. Leave to Amend

It is too early to decide whether an amendment to Count Six would be futile. Accordingly, plaintiffs are granted leave to amend their Complaint in order to provide notice to the defendants of precisely what they are alleging, and to provide sufficient factual grounds to comply with *Iqbal*'s plausibility standard. Plaintiffs may file an amended complaint within thirty (30) days of the date of this Order. A conference is scheduled for December 5, at 4:30 p.m.

### V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. The Clerk of Court is directed to close this motion (docket No. 11).

---

[47] *See id*. Ex. 15 ¶ 6 ("In the event that [RK] has any remaining Products in inventory, Royal King shall have 30 days from execution of this Settlement to sell-off any such remaining Products[] . . . .").

SO ORDERED

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 24, 2012

**-Appearances-**

**Counsel for Plaintiffs:**

Morris E. Cohen, Esq.
Lee A. Goldberg, Esq.
Goldberg Cohen LLP
1350 Avenue of the Americas
4th floor
New York, NY 10019
(646) 380-2087

**Counsel for Defendants:**

Deepro R. Mukerjee, Esq.
Victoria E. Spataro, Esq.
Alston & Bird LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9400

James C. Grant, Esq.
Elizabeth Jordan, Esq.
Matthew J. McNeill, Esq.
Alston & Bird LLP
1201 Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000